TO BE PUBLISHED

# Supreme Court of Kentucky

2018-SC-000537-KB

DATE 11/14/18 Kim Redmon, DC

CHRISTOPHER DAVID WIEST                                       MOVANT


V.                               IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                  RESPONDENT


## OPINION AND ORDER


This matter is before the Court upon review of the application of attorney Christopher David Wiest for reinstatement to the practice of law pursuant to Supreme Court Rule (SCR) 3.510(3). The Kentucky Bar Association (KBA) Board of Governors (Board), unanimously recommends approving Wiest's application. For the following reasons, we agree with the Board and therefore approve Wiest's application for reinstatement to the practice of law in the Commonwealth of Kentucky.

### Factual and Procedural Background

Wiest's KBA member number is 90725 and his bar roster address is 9380 Montgomery Road, Ste. 202, Cincinnati, Ohio 45242. He was admitted to practice law in the Commonwealth of Kentucky on May 2, 2005.

On December 19, 2016, the Ohio Supreme Court suspended Wiest from the practice of law in the State of Ohio for a period of two years with the second year stayed on the condition that Wiest engage in no further misconduct. As reciprocal discipline, this Court entered an opinion and order on April 27, 2017, suspending Wiest from the practice of law in the Commonwealth of Kentucky for a period of two years with the second year stayed on the condition that he engage in no further misconduct. *KBA v. Christopher David Wiest*, 514 S.W.3d 530 (Ky. 2017). This suspension was to run concurrently with the suspension previously ordered by the Ohio Supreme Court. *Id.* Wiest was also suspended from practice by the U.S. District Court for the Southern District of Ohio, Eastern Division.

## Analysis

Wiest's suspensions in Ohio and Kentucky arise from unlawful securities trading. More specifically, the Securities and Exchange Commission (SEC) investigated Wiest after it was discovered that he bought and sold stock in a company, InfoLogix, Inc., (hereafter "InfoLogix"), after being retained to perform services for Stanley Works, later known as Stanley Black & Decker (hereinafter "Stanley"). Wiest purchased the InfoLogix shares before Stanley publicly announced the acquisition of InfoLogix. As a result, the SEC filed a cease and desist order against Wiest on May 13, 2014. Wiest agreed to resolve the SEC proceedings by paying disgorgement of $56,292.00, prejudgment interest in the sum of $5,122.97, and civil penalties of $56,292.00 for a total payment of $117,706.97 to the SEC.

2

On January 19, 2018, the Ohio Supreme Court determined that Wiest had substantially complied with the December 19, 2016 order of suspension and reinstated him to the practice of law in the state of Ohio. After his reinstatement by the Ohio Supreme Court, in January 2018, U.S. District Court for the Southern District of Ohio also reinstated Wiest to the practice of law.

During his suspension, Wiest has worked as a paralegal in multiple part-time positions with supervision by licensed attorneys as permitted by SCR 3.130(5.7(c)). Pursuant to SCR 3.510(3), Wiest filed his Application for Reinstatement to the KBA on September 29, 2017. To be clear, the charges arising from the InfoLogix stock trading issue were the sole disciplinary sanctions he received in Ohio or Kentucky.

The KBA Office of Bar Counsel has certified that there are no pending disciplinary actions against Wiest as of September 25, 2017. The Character and Fitness Committee of the KBA Office of Bar Admissions issued an extensive report, ultimately recommending that Wiest's application be approved. On July 17, 2018, Bar Counsel filed a motion recommending that the Board accept the recommendation of the Character and Fitness Committee. Wiest has also completed his continuing legal education (CLE) credits, through the education year ending June 30, 2019.

In August 2018, the Board—with two members recused and one abstention—voted unanimously to reinstate Wiest to the practice of law in the Commonwealth of Kentucky.

3

## Disposition

We agree with and accordingly accept the Board's recommendation that Christopher David Wiest's Application for Reinstatement to the practice of law be approved.

It is therefore ORDERED:

1. Christopher David Wiest's Application for Reinstatement to the Kentucky Bar Association is approved pursuant to SCR 3.510, subject to paragraph 2 below.

2. Pursuant to SCR 3.510(i), Wiest is directed to pay all costs associated with these disciplinary proceedings, in the amount of $549.88. If the KBA costs exceed the posted bond, Wiest will pay for any additional costs. This order of reinstatement is contingent upon payment of any outstanding bar dues, CLE compliance, and payment of the costs in this action.

All sitting. All concur.

ENTERED: November 1, 2018.

_____
CHIEF JUSTICE

4